CHARLES H. WYCKOFF, INDIVIDUALLY AND AS EXECU-
TOR OF THE ESTATE OF CHARLES D. WYCKOFF, DE-
CEASED, RELATOR, v. HARDWARE SUPPLY COMPANY
AND H. WILLIAM MILLER, RESPONDENTS.

Argued October 2d, 1946—Decided April 22, 1946.

Before Justices DONGES, HEHER and COLIE.

For the relator, *Kenneth J. Dawes.*

For the respondents, *William Henry Lawton.*

The opinion of the court was delivered by

DONGES, J.   Relator obtained a rule to show cause why a
peremptory or alternative writ of *mandamus* should not issue
commanding and requiring the respondents to permit the rela-
tor "with the aid and assistance of his attorney and an
accountant, to make an inspection and examination of all
the books, records and papers of the defendant Hardware
Supply Company, a corporation."

Relator holds individually ninety-nine (99) shares of com-
mon stock of said corporation, and as executor of the estate
of Charles D. Wyckoff one (1) share of said common stock.
The total common stock issued is two hundred and one (201)
shares. Relator purchased, in 1934, ninety-nine (99) shares
of common stock and his father, Charles D. Wyckoff, pur-

chased one (1) share. From 1934 until January 18th, 1945, respondent H. William Miller owned one hundred and one (101) shares of common stock. The respondent, relator and Charles D. Wyckoff were directors of the corporation. Respondent Miller was elected president. Relator was elected secretary and treasurer of said corporation, in which capacity he served from 1934 until 1944. On January 18th, 1945, the day of the annual meeting, respondent Miller transferred one (1) share of stock to his wife, and one (1) share of stock to his brother, who were, on said day, elected as directors with said respondent Miller.

In December, 1944, relator, having become dissatisfied with the operation of the company, resigned as secretary and treasurer, but not as a director. Respondent told relator his duties with the business were ended. He was not re-elected as a director of the corporation. Prior to that time, respondent and relator had operated the business, each drawing a like salary varying from $6,000 to $14.000 per year. In January, 1945, relator went into the hardware business and continues to conduct such business.

Relator asserts that he is unable to determine the value of the common stock held by him individually and as executor of his father's estate, because of inadequate and inconsistent statements made in the reports of the condition of the corporation, and that an examination of the books and records of the corporation by a qualified accountant is necessary in order to obtain the needed information.

Respondent urges that the statements submitted are sufficient and that the relator, now engaged in a competing business, is actuated by bad faith and a desire to obtain from the books and records of the corporation private information with respect to the persons from whom supplies are procured and secret information as to the customers of the corporation.

A certified public accountant testified that he could not obtain the needed information from the statement of the corporation and that an audit was necessary to determine its financial status.

It has been repeatedly held that a common stockholder has the right of inspection of the books and records of a corpora-

tion to determine whether there has been proper management of the business, and also to ascertain the value of his shareholdings for the purpose of sale. *Drake* v. *Newton Amusement Corp.*, 123 *N. J. L.* 560, and the cases cited therein.

We conclude that there is no showing of bad faith on the part of the relator. Inasmuch as he was for a period of years prior to January, 1945, an officer and active in the operation of the corporation business, it is not unlikely that he has considerable knowledge of the sources of supplies and the customers of the concern. The fact that he is engaged in a similar business and is a competitor of respondent corporation is not sufficient to bar him from proper relief. To accord him adequate information an inspection of the corporation's books and records is necessary.

A peremptory writ of *mandamus* will issue, with costs. Upon notice, respondents may apply for the imposition of such terms as may be necessary to prevent disclosure of the trade or business secrets of the corporation to its competitors, and to safeguard the interests of the corporation and all of its stockholders.